WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Senior Alternatives, Inc., et al.,<br><br>          Plaintiffs,<br>vs.<br><br>Oscar Covarrubias, et al.,<br><br>          Defendants. | No. CV-14-00294-PHX-SPL<br><br>**ORDER** |

Before the Court is Plaintiffs' Motion to Remand Action Against Non-Debtors or Abstain and Request for Sanctions (Doc. 7) and Defendants' Motion to Transfer and Consolidate Case (Doc. 12).[1] On July 1, 2014, this case was reassigned to this Court. (Doc. 14.)

For the reasons that follow, the Court will remand this case to the state court and deny the request for transfer and consolidation as moot.

**I.     BACKGROUND**

On October 4, 2010, Plaintiffs, a group of individuals and corporations that provide services to the senior population in the Phoenix, Arizona area, filed a civil action against Oscar and Nancy Covarrubias ("Covarrubias Defendants") in the Superior Court of Arizona, Maricopa County (Case No. CV2010-099000). (Doc. 1-2 at 35.) In the First

---

[1] The parties have had the opportunity to submit evidence and briefing, and the Court finds that oral argument would not assist in resolving this matter. Accordingly, the Court finds the pending motions suitable for decision without oral argument. *See* LRCiv 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

Amended Complaint, Plaintiffs brought nine counts against Covarrubias Defendants: (1) breach of contract; (2) breach of fiduciary duty; (3) misappropriation of business documents and trade secrets; (4) conversion; (5) defamation/conspiracy to defame; (6) interference with contract, prospective business relations and unfair trade practices; (7) injunctive relief; (8) unjust enrichment; and (9) motion for receiver of Secure Comfort Care. (Doc. 1-3 at 1-22.) Plaintiffs allege that Oscar Covarrubias misappropriated trade secrets, violated his employment contract, and defamed Plaintiff Tarik Shirif before and after leaving his employment with the Plaintiff corporations. (Doc. 1-3 at 7-23.)

The First Amended Complaint further named Defendants Jeffrey Guenther and Media Print, Inc. ("Media Print Defendants"), alleging that they colluded with Covarrubias Defendants to misappropriate trade secrets, defame Shirif, and interfere with contract and business relations. (Doc. 1-3 at 9-19.) Specifically, Plaintiffs contend that Covarrubias Defendants provided trade secrets to Media Print Defendants, and that together, they conspired to defame Shirif, produced a competing magazine for the senior population, and created a new business, Senior Housing Choices, LLC, in order to compete with the Plaintiff corporations.[2] (Doc. 1-3 at 9-19; Doc. 1-9 at 32-44.)

On May 11, 2012, Media Print Defendants counterclaimed against Plaintiff Majestic Cedar, LLC, for two counts of breach of contract. (Doc. 1-4 at 48-50.) Subsequently, on May 23, 2012, Media Print Defendants filed a Motion for Summary Judgment (Doc. 1-4 at 58-73), and on June 28, 2012, Plaintiffs filed a Cross Motion for Summary Judgment as to the counterclaim brought by Media Print Defendants. (Doc. 1-5 at 26-29.) On October 8, 2012, the Superior Court granted Plaintiffs' motion and found in favor of Plaintiffs regarding the first Counterclaim for breach of contract brought by the Media Print Defendants. (Doc. 1-6 at 78.) On January 21, 2013, the Superior Court granted Media Print Defendants' motion as to the misappropriation of trade secrets claim,

---

[2] Plaintiffs also brought claims against Alan Haws, Beth Haws, Vern Wulfekuhle, Jane Doe Wulfekuhle, and Clear Choice Home Care PLLC, but these parties were either subsequently dismissed from the case or eliminated from the suit upon the filing of the First Amended Complaint. (*See* Doc. 1-2 at 163, 241-43; Doc. 1-3 at 1-24, 194.)

but denied their motion in regards to the defamation and interference with business relations claims. (Doc. 1-6 at 83-84.)

The Superior Court then set the matter for a jury trial on February 18, 2014. (Doc. 1-6 at 110.) On January 9, 2014, Plaintiffs and Media Print Defendants filed a Joint Pretrial Statement in which the parties laid out the contested issues of law and fact, named seventeen potential witnesses, listed 136 proposed trial exhibits, and described the portions of every deposition to be used at trial. (Doc. 1-9 at 27-82.) On February 3, 2014, the same parties also filed a Case Summary to be Read to Jury, Proposed Voir Dire Questions for the Jury, and Requested Jury Instructions. (Doc. 1-10 at 321-370.) Covarrubias Defendants apparently did not participate in the creation of these documents as they did not sign any of the above-mentioned documents relevant to the upcoming trial. (Doc. 1-9 at 81; Doc. 1-10 at 327, 330, 369.)

On February 14, 2014, Covarrubias Defendants filed a voluntary petition for Chapter 7 relief in the United States Bankruptcy Court for the District of Arizona ("Bankruptcy Court"), Case No. 4:14-bk-1802-EWH. Plaintiffs subsequently filed a Complaint to Determine Dischargability of Debt in the Bankruptcy Court, Case No. 4:14-ap-206-EWH, commencing adversarial proceedings against Covarrubias Defendants.

On February 14, 2014, Media Print Defendants filed a Notice of Removal in this Court. (Doc. 1 at 1-5.) On February 24, 2014, Plaintiffs filed a Motion to Remand (Doc. 7), to which the Media Print Defendants filed a response (Doc. 8) and Plaintiffs replied (Doc. 9). On June 12, 2014, the Media Print Defendants moved to transfer and consolidate this case with CV-14-02003-TUC-JGZ. (Doc. 12 at 2-3.)

**II.  LEGAL STANDARD**

A defendant may remove a state court action to the District Court if it could have been originally filed in District Court under either section 1331 or 1332 of title 28 of the United States Code. 28 U.S.C. §§ 1331, 1332, 1441. Under those sections, the Court has jurisdiction over civil actions arising under the "Constitution, laws, or treaties of the United States" or cases between diverse parties where the amount in controversy exceeds

$75,000. 28 U.S.C. §§ 1331-32.

Alternatively, under 28 U.S.C. § 1452, a party may "remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334." 28 U.S.C. § 1452(a). Section 1334 grants district courts jurisdiction over bankruptcy cases "arising under" title 11 of the United States Code or cases "related to" or "arising in" a case under title 11. 28 U.S.C. § 1334(a) and (b).

The terms "arising under" and "arising in" are terms of art; the former describes "causes of action created or determined by a statutory provision" of title 11, and the latter describes cases not created or determined by the bankruptcy code, but those which would have no existence outside a bankruptcy case. *In re Wilshire Courtyard*, 729 F.3d 1279, 1285 (9th Cir. 2013).

A proceeding is "related to" a bankruptcy case if "the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984)). More specifically, an action is related to bankruptcy if "the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id*. A district court's "related to" jurisdiction is very broad, "including nearly every matter directly or indirectly related to bankruptcy." *In re Sasson*, 424 F.3d 864, 868-69 (9th Cir. 2005) (quoting *In re Mann*, 907 F.2d 923, 926 n. 4 (9th Cir. 1990)).

Even if a district court has proper removal jurisdiction under these principles, the law provides that "the court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). Section 1452(b) does not define the term "equitable ground," but the term may best be defined as "appropriate" or "fair." *Things Remembered, Inc. v. Petrarca*, 516 U.S. 133-34, 136 (1995) (Kennedy, J., concurring) ("Section 1452(b) . . . provides an alternative to

4

dismissal (as well as an alternative to proceeding with the case though all the legal requirements are met), by authorizing remands as fairness warrants, *i.e.*, when a remand would be 'equitable.'").

## III. DISCUSSION

### A. Remand

Here, Media Print Defendants removed this case solely under 28 U.S.C. §§ 1334 and 1452. Therefore, the primary issue before this Court is whether the state civil action is "arising in," "arising under," or "related to," a current bankruptcy action under federal law. The Court finds that it does not.[3]

First, the state civil action does not "arise under" or "arise in" a bankruptcy case under title 11 because the underlying civil action is a matter of state law that does not necessarily depend upon resolution of a substantial question of bankruptcy law and can exist entirely apart from the bankruptcy proceeding. *See In re Wilshire Courtyard*, 729 F.3d at 1285. The primary issues presented in this case arise under the state law claims of breach of contract, misappropriation of trade secrets, and defamation, among others, and thus do not meet the first test for jurisdiction under 28 U.S.C. § 1334. This case commenced in state court almost four years prior to the bankruptcy action and therefore did not arise out of a dispute in bankruptcy court.

Second, contrary to the Media Print Defendants' main contention, the state civil action does not "relate to" the bankruptcy proceeding commenced by Covarrubias Defendants because the outcome of the state civil action could not conceivably have any effect on the Covarrubias Defendants' estate in bankruptcy proceedings.[4] At this time, Plaintiffs are currently pursuing claims against Covarrubias Defendants under 11 U.S.C.

---

[3] Defendants have additionally failed to establish that this Court has subject matter jurisdiction on the basis of either federal question or diversity jurisdiction. *See* 28 U.S.C. §§ 1331-32. The parties are not diverse, and the state court action does not bring any action under the laws or treaties of the United States.

[4] The Bankruptcy Court's docket in Case No. 4:14-bk-1802-EWH reflects that on June 10, 2014, the Covarrubias Defendants' debts were discharged under 11 U.S.C. § 727.

§§ 523(a)(2) and (a)(6) in adversarial proceedings in Bankruptcy Court.[5] However, those proceedings do not prevent Plaintiffs from further pursuing their case against Media Print Defendants in another forum. The remaining claims against Media Print Defendants can be thoroughly and appropriately litigated before the state court even in the absence of the Covarrubias Defendants. It is notable that the Plaintiffs and Media Print Defendants worked together to fully prepare for trial and file all court-ordered documents and statements without Covarrubias Defendants' participation just weeks before the start of trial. This indicates that both parties were prepared to proceed with trial and litigate the remaining issues between them despite Covarrubias Defendants' non-participation.

Media Print Defendants claim that Plaintiffs' claims against them are so "inextricably connected" with the claims against the Covarrubias Defendants that they will need to be tried together in one court. (Doc. 8 at 7.) However, Media Print Defendants have not sufficiently established that they have such an interest or stake in the outcome of the bankruptcy proceedings that they could not properly defend against Plaintiffs' case against them in state court. For instance, Media Print Defendants have failed to show that a potential future judgment in state court against them would have any conceivable effect upon Covarrubias Defendants' assets or estates absent any outstanding financial obligations, contracts, or business dealings between them. Although Covarrubias Defendants and Media Print Defendants entered into a joint venture by forming Senior Housing Choices, LLC, in February 2010, both Jeffrey Guenther and Oscar Covarrubias indicated in sworn affidavits to the Superior Court that neither party "made any monies or profits from the creation of Senior Housing Choices LLC." (Doc. 1-4 at 121-22; 133.) Therefore, Media Print Defendants have failed to show any financial interest or stake in the outcome of Covarrubias Defendants' bankruptcy proceedings. In essence, Media Print Defendants have failed to establish that the assets or estates involved in the bankruptcy proceedings would be affected, either positively or negatively,

---

[5] The Bankruptcy Court has exclusive jurisdiction over claims brought under 11 U.S.C. §§ 523(a)(2); (a)(4); and (a)(6). *Aldrich v. Imbrogno* (*In re Aldrich*), 34 B.R. 776, 781 (9th Cir. BAP 1983).

by the separate resolution of their dispute with Plaintiffs. Although the civil action involves similar claims against both Defendants, Media Print Defendants have failed to establish that the claims are so interwoven as to warrant federal court jurisdiction.

Media Print Defendants express concern that they may be required to file a proof of claim in Covarrubias Defendants' bankruptcy proceedings or the pending adversarial proceedings, as well as defend against Plaintiffs' lawsuit in the civil action, giving rise to a waste of judicial and party resources. (Doc. 8 at 6.) However, this fear is speculative, as it has not yet been determined if Media Print Defendants are liable for any wrongs committed against Plaintiffs much less if they have any legal right to seek indemnification from Covarrubias Defendants. If any party were to be concerned with litigating the same issues twice, it should be Plaintiffs, as they may have to litigate two separate cases before all claims are resolved. However, Plaintiffs favor remanding the instant action to the state court. (Doc. 7.)

Finally, although Media Print Defendants claim that they may be entitled to indemnification from Covarrubias Defendants pending the outcome of the civil suit, they neither brought a counterclaim for indemnification against Covarrubias Defendants in state court nor made this potential claim known during the prolonged litigation in state court until the filing of the Joint Pretrial Statement approximately one month before trial, when they listed as a contested issue of law: "Whether the Media Print Defendants are entitle [sic] to indemnification from Covarrubias defendants." (Doc. 1-9 at 32.) While Media Print Defendants brought two counterclaims for breach of contract against Plaintiffs, one of which is still unresolved, the counterclaim does not involve Covarrubias Defendants and may be sufficiently resolved by the state court. Therefore, because Media Print Defendants failed to timely or formally assert a claim for indemnification, the Court finds that this claim is undeveloped and speculative. It is therefore insufficient to establish that the civil case is properly related to the bankruptcy action so as to vest this Court with jurisdiction under 28 U.S.C. § 1334. For these reasons, the Court finds it lacks subject matter jurisdiction over these proceedings under 28 U.S.C. § 1334, and

remand is appropriate.

Even if this Court had jurisdiction over this case under 28 U.S.C. § 1334, it would remand this case to state court on equitable grounds pursuant to 28 U.S.C. § 1452(b). The Court has discretion to remand such cases where it would be fair or appropriate to do so, and this is one instance where fairness demands a remand. The underlying state court action commenced on October 4, 2010, nearly four years ago. All parties have put forth a considerable amount of time, money, and effort towards the litigation of all issues in this case, and notably, Media Print Defendants filed their Notice of Removal with this Court only four days before a state court trial was scheduled to begin. In light of the posture of this case and the fact that all issues have been effectively litigated in state court, the Court finds that the state court is in the best position to resolve any remaining issues. Therefore, in the interests of judicial efficiency and fairness, the Court alternatively finds remand is warranted in this case based on equitable grounds.

**B.     Abstention**

Plaintiffs ask this Court, in the alternative, to abstain from hearing this case under 28 U.S.C. § 1334(c)(2). (Doc. 7 at 8.) Section 1334(c)(2) allows the District Court to abstain from hearing a state court action that is related to a bankruptcy proceedings if it "can be timely adjudicated in a State forum of appropriate jurisdiction." 28 U.S.C. § 1334(c)(2). However, the doctrine of abstention is inapplicable here, as abstention can only exist when there is a parallel proceeding or pendant action in state court. *Sec. Farms v. Int'l Bhd.of Teamsters*, 124 F.3d 999, 1009 (9th Cir. 1997). As there is no parallel proceeding pending in state court, it is proper to remand the case pursuant to 28 U.S.C. § 1452(b) rather than to abstain under 28 U.S.C. § 1334(c)(2). *See id*. at 1010.

**C.     Sanctions**

Plaintiffs next urge this Court to sanction Media Print Defendants for acting in bad faith to delay the state court trial, having removed this case only several days before the state court trial was to begin. The Court recognizes that the Ninth Circuit has previously upheld sanctions issued by the bankruptcy court against parties who were found to

improperly remove cases to bankruptcy court simply for the purpose of delaying state court proceedings. *See In re DeVille*, 361 F.3d 539 (9th Cir. 2004). However, the Court does not find Media Print Defendants' actions in this case to be so egregious so as to warrant sanctions in this matter.

### D. Transfer or Consolidation

Lastly, Defendants move the Court to transfer or consolidate this action with Case No. CV-14-02003-TUC-JGZ. However, on June 18, 2014, Judge Zipps denied Plaintiffs' request to withdraw the reference in that related action. Therefore, finding that Case No. CV-14-02003-TUC-JGZ has been terminated, and remand to state court is appropriate, Defendants' request to transfer or consolidate is moot. Accordingly,

**IT IS ORDERED:**

1. That Plaintiffs' Motion to Remand Action Against Non-Debtors or Abstain and Request for Sanctions (Doc. 7) is **granted in part** and **denied in part**. To the extent Plaintiffs seek remand of this action, the motion is **granted**. To the extent Plaintiffs request sanctions, the motion is **denied**;

2. That Defendants' Motion to Transfer or Consolidate Case (Doc. 12) is **denied as moot**; and

3. That the Clerk of Court shall remand this action to the Superior Court of Arizona, Maricopa County.

Dated this 24th day of July, 2014.

Honorable Steven P. Logan
United States District Judge